UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| In re: | Case No. 21-60032 |
| Anna Elaine Williams | Chapter 7 |
| Debtor. | |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DONOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TOSETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND ACOPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BEOFFERED AT THE HEARING AND THE COURT MAY RULE.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

THERE WILL BE A HEARING ON THIS MATTER ON JUNE 1, 2021 AT 1:00 PM IN COURTROOM 401, 515 RUSK, HOUSTON, TX 77002.

PARTIES ARE PERMITTED TO PARTICIPATE BY TELEPHONE WITHOUT PRIOR PERMISSION OF THE COURT. TO ACCESS THE HEARING, DIAL (832) 917-1510 CONFERENCE CODE: 590153. VIDEO PARTICIPANTS MAY CONNECT ONLINE THROUGH THE WEBSITE LOCATED AT HTTPS://WWW.GOTOMEET.ME/JUDGELOPEZ. AUDIO CONNECTIONS BY PHONE ARE REQUIRED FOR ALL VIDEO PARTICIPANTS.

TO THE HONORABLE CHRISTOPHER LOPEZ, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Spirit of Texas Bank, ssb ("SOTB")[1] and files this *Motion for Relief from the Automatic Stay* (the "Motion") for the purpose of filing a motion to sever that certain adversary proceeding styled *Spirit of Texas Bank ssb, as the assignee of claims of Houtex Builders, LLC,*

---

[1] Spirit of Texas Bank ssb is a commercial bank that provides a wide range of relationship-driven commercial banking products and services tailored to meet the needs of businesses, professionals, and individuals. SOTB's corporate headquarters is located at 1836 Spirit of Texas Way, Conroe, TX 77301.

*2203 Looscan Lane, LLC, and 415 Shadywood, LLC v. HL Builders, LLC f/k/a CD Homes, LLC and Anna Williams*, Adversary No. 20-03237 (the "Adversary Proceeding"), pending before the Honorable Jeffery P. Norman in the U.S. Bankruptcy Court for the Southern District of Texas, to continue litigation against non-debtor defendant HL Builders, LLC f/k/a CD Homes, LLC ("CD Homes"). SOTB is not seeking to continue to litigate the Adversary Proceeding against the above-captioned debtor. SOTB is only seeking to continue to litigate the Adversary Proceeding against a non-debtor. SOTB would respectfully show the Court as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(G).

2. The statutory basis for the relief requested is section 362(d) of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (as amended, the "Bankruptcy Code").

## RELIEF REQUESTED

3. SOTB requests relief from the automatic stay to file a motion to sever the Adversary Proceeding to continue litigation against non-debtor defendant CD Homes only. If the Bankruptcy Court considers the motion to sever, SOTB will not seek to continue to litigate the Adversary Proceeding against Williams, rather, the automatic stay in Williams' case will remain in place except for the purpose of prosecting the motion to sever.[2]

## BACKGROUND

4. On August 23, 2018, HouTex Builders, LLC ("HouTex"), 2203 Looscan Lane, LLC ("Looscan"), and 415 Shadywood, LLC ("Shadywood" and collectively with HouTex and Looscan, the "HouTex Debtors") filed voluntary petitions (the "HouTex Cases") for relief under

---

[2] SOTB reserves its right to seek, by separate motion, relief from the automatic stay for any other purpose including to continue to litigate the Adversary Proceeding against Williams.

2

chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court") commencing chapter 11 cases that have been jointly administered under case number 18-34658 before Judge Norman.

5. The HouTex Debtors were in the business of building high-end, single-family homes in the Houston area. Looscan and Shadywood were single-purpose entities formed to finance the construction of homes at their respective addresses. HouTex financed the construction of several homes.

6. CD Homes is a home construction company. Williams is the owner of CD Homes. Williams' husband, Robert Parker, is a purported consultant for CD Homes, however, Parker is in all aspects the principal operator and manager of CD Homes.

7. Williams and CD Homes filed proofs of claim in each of the HouTex Cases. These proofs of claim generally assert reimbursement of construction expenses.

8. The HouTex Debtors filed an omnibus objection to these claims [Case No. 18-34658, ECF No. 336) arguing, among other things, that CD Homes is responsible for paying the amounts asserted in these proofs of claim based on the Investor Agreements entered into between the Houtex Debtors and CD Homes. Each Investor Agreement discloses that there is a construction loan and a certain equity loan for each Project. The Investor Agreements provide that if funds are required to make any payments that exceed the sum of the construction loan and the equity loan, "all such funds are to be provided by [CD Homes]."

9. Williams and CD Homes responded to the claim objection by arguing, among other things, that the Investor Agreements had been modified to remove CD Homes' obligation to fund such excess costs.

3

10. On May 20, 2019, the Houtex Debtors commenced an involuntary bankruptcy case against CD Homes, commencing case no. 19-32825 in the U.S. Bankruptcy Court for the Southern District of Texas, before the Honorable Eduardo V. Rodriguez. CD Homes contested the involuntary petition on the grounds that petitioning creditors claims were in bona fide dispute because CD Homes alleged that the Investor Agreements had been modified.

11. On February 18, 2020, Judge Rodriguez entered a judgment and a memorandum opinion dismissing the involuntary on the grounds that the petitioning creditors debts are in bona fide dispute [Case 19-32825. ECF Nos. 52 and 53].

12. On May 28 and 29, 2020, Judge Norman held a preliminary hearing on the claim objection to determine the contractual relationship between the HouTex Debtors and CD Homes, prior to proceeding with the objections to the claims. Following this hearing, Judge Norman held that the Investor Agreements had not been modified. *See* Case 18-34658, ECF No. 508.

13. One June 29, 2020, the HouTex Debtors filed a complaint against CD Homes and Williams commencing the Adversary Proceeding. On August 19, 2020, the HouTex Debtors filed their amended complaint [Adv. 20-03237, ECF No. 18]. The causes of action plead by plaintiffs are breach of contract claims against CD Homes and avoidance action claims against Williams.

14. On July 30, 2020 Williams filed her *Motion to Withdraw the Reference and to Abstain, Demand for Trial by Jury, and Notice of Non-Consent to Entry of Final Orders* [Adv. 20-03237, ECF No. 9]. On the same day, CD Homes, LLC also filed its *Motion to Withdraw the Reference and to Abstain, Demand for Trial by Jury, and Notice of Non-Consent to Entry of Final Orders* [Adv. 20-03237, ECF No. 11].

15. On August 24, 2020, the Bankruptcy Court entered its *Order Denying Motion To Withdraw The Reference And Motion To Abstain* [Adv. 20-03237, ECF No. 24] and its *Order*

4

*Denying Motion To Withdraw The Reference And Motion To Abstain* [Adv. 20-03237, ECF No. 25] (together, the "Abstention Orders"). In the Abstention Orders, the Bankruptcy Court made the following findings: "There are core proceedings at issue, there is currently pending bankruptcy litigation between these same parties, the bankruptcy court is already familiar with the underlying contracts and positions of the parties, thereby reducing confusion and ensuring a more economical use of the parties' resources." Abstention Orders, p. 4.

16. On September 2, 2020, Williams filed her *Motion to Reconsider the Court's Order Denying Her Motion to Withdraw the Reference* (the "Motion to Reconsider") [Adv. 20-03237, ECF No. 32].

17. On September 2, 2020, the Bankruptcy Court entered its *Report and Recommendation* (the "Report and Recommendation") [Adv. 20-03237, ECF No. 34] making the recommendation to the District Court to deny the Motion to Reconsider. Report and Recommendation, p. 2.

18. On October 23, 2020, the District Court entered its Order adopting the Report and Recommendation to deny the Motion to Reconsider. Adv. 20-03237. ECF No. 46.

19. The second part of the trial for the omnibus claim objection was held during November and December of 2020. On December 18, 2020, the Bankruptcy Court entered its *Memorandum Opinion* [Case No. 18-34658, ECF No. 661] which sustained the omnibus objection to all of proofs of claims filed by Williams and CD Homes. Memorandum Opinion, pp. 8-11.

20. On March 16, 2021, the Bankruptcy Court entered the *Order Granting Motion for Authority to Compromise Disputes Among the Debtors, Charles Foster and Spirit of Texas Bank ssb Under Bankruptcy Rule 9019* [Case No. 18-34658, ECF No. 709]. As a result of this

5

compromise, and subject to its terms, SOTB became the assignee of the plaintiffs' claims in the Adversary Proceeding.

21. The trial in the adversary proceeding had been scheduled for April 19 and 20, 2021.

22. On April 8, 2021, Williams filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code [ECF No. 1]. As a result of the bankruptcy filing, the Adversary Proceeding has been stayed.

## BASIS FOR RELIEF

23. Under section 362(d)(1) of the Bankruptcy Code, a creditor can obtain a lifting of the stay "for cause." The term "cause" is not defined in the Bankruptcy Code. Whether cause exists is a fact-intensive inquiry that must be determined on a case-by-case basis. *In re Xenon Anesthesia of Texas, PLLC*, 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014); *In re Bovino*, 496 B.R. 492, 502 (Bankr. N.D. Ill. 2013). "Each case must be viewed on the basis of its own particular facts, and there must be a balancing of the interest of the debtor with the interest of the secured creditor in its collateral." *In re Bovino*, 496 B.R. at 502. "The decision of whether to lift the stay is committed to the discretion of the bankruptcy judge." *In re Syndicom Corp.*, 268 B.R. 26, 43 (Bankr. S.D.N.Y. 2001). Finally, "[t]he burden of proof on a motion to lift the automatic stay is a shifting one: section 362(d)(1) requires an initial showing of cause by the movant; then, with the exception of the debtor's equity in the property (which is not at issue on a motion under section 362(d)(1), like this one), section 362(g) places the burden of proof on the debtor for all other issues." *Id*.

24. In determining whether to lift the automatic stay to allow litigation against a debtor to proceed in another forum, bankruptcy courts have considered the following factors: 1) whether the relief will result in a partial or complete resolution of the issues; 2) lack of any connection with

or interference with the bankruptcy case; 3) whether the other proceeding involves Debtor as a fiduciary; 4) whether a specialized tribunal has been established to hear the particular cause of action; 5) whether the debtor's insurer has assumed full responsibility; 6) whether the action primarily involves third parties; 7) whether litigation in the other forum would prejudice the interests of other creditors; 8) whether the judgment claim arising from the other action is subject to equitable subordination; 9) whether movant's success would result in a judicial lien avoidable by the debtor; 10) interests of judicial economy and the expeditious and economical resolution of litigation; 11) whether the proceedings have progressed to the point that parties are ready for trial; and 12) impact of the stay on the parties and the balance of harm. *In re Xenon Anesthesia of Texas, PLLC*, 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014) *citing Sonnax Industries, Inc.*, 907 F.2d 1280 (2nd Cir.1990).

25. "Not all factors may be relevant to each case. Further, the decision to lift the stay may be upheld on judicial economy grounds alone." *Id. citing In re United States Brass Corp.*, 176 B.R. 11, 13 (Bankr. E.D. Tex. 1994), citing *In re Kemble*, 776 F.2d 802, 807 (9th Cir.1985).

26. SOTB contends that the relief requested is warranted on judicial economy grounds. The Adversary Proceeding has progressed substantially. Prior to Williams filing for bankruptcy, the parties were just days away from the trial. It would serve judicial economy to allow the Adversary Proceeding to continue, especially against a non-debtor.

27. Considering that the nature of the relief requested is only for the purpose of filing and prosecuting a motion to sever the Adversary Proceeding so that the plaintiff can continue the Adversary Proceeding against a non-debtor, SOTB contends that the balance of the harms factor, the interference with the bankruptcy case factor, and the prejudice to the creditors factor all weigh

in favor of granting the requested relief. SOTB contends that the remaining factors are not relevant.

## REQUEST FOR WAIVER OF 14-DAY STAY

28. In light of the foregoing, including the limited nature of the relief requested and the judicial economy of continuing with the Adversary Proceeding, the Movant requests that the 14-day stay imposed by Fed. R. Bankr. P. 4001(a)(3) be waived.

## CONCLUSION

WHEREFORE, SOTB respectfully requests that the Court grant relief from the automatic stay and allow SOTB, its assignees and/or successors in interest to exercise and enforce its interest with regards to the matters raised in the Motion and grant such other relief as is just and proper.

Dated: May 3, 2021                    PARKINS LEE & RUBIO LLP

*/s/ Charles M. Rubio*
Charles M. Rubio P.C.
Pennzoil Place
700 Milam, Suite 1300
Houston, Texas 77002
Phone: (212) 763-3331
Email: crubio@parkinslee.com

*Counsel to Spirit of Texas Bank, ssb*

## CERTIFICATE OF CONFERENCE

On April 16, 2021, undersigned counsel had a telephone call with Mr. Fuqua to discuss severing the adversary proceeding to proceed against CD Homes, LLC and a motion to lift the stay filed in Ms. William's bankruptcy case for authority to file the motion to sever. Mr. Fuqua responded that he would oppose the motion to lift the stay.

*/s/ Charles M. Rubio*

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2021, a true and correct copy of this Motion was served by ECF notification on all parties registered to receive in the above captioned case and to counsel to Williams by email at fuqua@fuqualegal.com.

*/s/ Charles M. Rubio*